UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL ALLEN McCUMMISKEY
a/k/a PAUL SKYE,

      Plaintiff,

v.                                                    Case No. 8:10-CV-1431-T-30TBM

CITY OF ST. PETERSBURG
POLICE DEPT., et al.,

      Defendants.
_____/

## ORDER

Before the Court is the *pro se* Plaintiff's civil rights complaint (Dkt. 1), and motion to proceed in this action *in forma pauperis* (Dkt. 2). Plaintiff filed this action pursuant to 42 U.S.C. § 1983 essentially alleging that he was falsely arrested and maliciously prosecuted for a crime that he did not commit.

The Court has examined Plaintiff's complaint in accord with 28 U.S.C. § 1915(e)(2)(B).[1] After doing so, the Court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted.

---

[1] A person who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**Standard of Review**

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. , , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at , 129 S. Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at , 129 S. Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at , 129 S. Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

*Azar v. Nat'l City Bank*, 2010 U.S. App. LEXIS 12184 at *7 (11th Cir. June 15, 2010).

**False Arrest**

Plaintiff's complaint asserts a claim that he was falsely arrested. The complaint, however, does not allege sufficient "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949. Instead, Plaintiff's complaint presents only conclusory allegations and legal conclusions. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions

masquerading as facts will not prevent dismissal."); *Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Thus, Plaintiff's complaint fails to allege a sufficient claim for false arrest.

**Malicious Prosecution**

To the extent Plaintiff asserts a claim for malicious prosecution, the claim does not accrue until criminal proceedings have terminated in the Plaintiff's favor. *See Whiting v. Traylor*, 85 F.3d 581, 585-85 (11th Cir. 1996) ("Where a section 1983 plaintiff is seized following the institution of a prosecution … and he seeks to recover damages for all the elements of the prosecution, he can properly wait until the prosecution terminates in his favor to bring his section 1983 claim which alleges that the seizure was unreasonable."). Further, "in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused." *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir.1998). Plaintiff's complaint does not allege that the criminal proceeding that gives rise to his action has terminated in his favor.[2] Accordingly, the complaint fails to state a claim for malicious prosecution.

ACCORDINGLY, the Court **ORDERS** that:

---

[2]The Court takes judicial notice of information provided on the Pinellas County, Florida, Clerk of the Circuit Court's database, viewed on June 28, 2010, which indicates that Plaintiff's criminal proceedings are still pending. See Fed. R. Evid. 201.

3

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED**, without prejudice, for failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **DENIED** as moot.

3. The Clerk is directed to terminate any pending motions, and close the case.

**DONE** and **ORDERED** in Tampa, Florida on July 6, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff